CASE 35—PETITION EQUITY—MAY 19.

## Trimble v. Puckett, &c.

APPEAL FROM WOLFE COURT OF COMMON PLEAS.

LIENS—NOTICE.—One who advances money to another to pay for land, may, by written contract, acquire a lien on the land, which will prevail against creditors or purchasers having actual notice of the lien.

A note promising to pay a certain sum "as purchase money" furnished by the payee "and to have the same effect as though the land had been bought from him," describing the land as "the farm I now live on," created a lien on the land described, which was not defeated by a sale under execution in favor of a creditor who had notice of the lien even before he obtained judgment.

WOOD & DAY FOR APPELLANT.

A lien does not arise in favor of one who advances money to the vendee at his request for the payment of a part of the purchase money. (Jones on Liens, vol. 2, sec. 1067; Chapman v. Abrahams, 61 Ala., 108; Gray v. Biard, 4 Lea., 212; Gaines, &c., v. Casey, &c., 10 Bush, 93; Bank of Hopkinsville, &c., v. Rudy, 2 Bush, 331; Reid, &c., v. Jackson, 6 Ky. Law Rep., 743; Cecil v. Aud, 7 Ky. Law Rep., 298; Anderson v. Griffith, 55 Mo., 254; 18 Ind., 422; 26 Ind., 364; Haskell v. Scott, 5 Cent. L. J., 370.)

Unless Puckett had a lien for the payment of his note, it can avail him nothing, even if Trimble had notice that Puckett claimed a lien before he purchased the land. (Chapman, &c., v. Stockwell, 18 B. M., 654.)

W. W. McGUIRE FOR APPELLEE.

No brief in record.

Trimble v. Puckett, &c.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

July, 1885, appellant Trimble recovered judgment against Dennis Brewer on a note for $182.12, given June, 1875, and the land in controversy having been levied on and sold under an execution issued on that judgment, he became purchaser thereof at the price of $200, and in April, 1886, a deed therefor was made to him by the sheriff. In December, 1887, he instituted this action to recover the land of Brewer, claiming title and right of possession in virtue of the sheriff's deed.

Subsequently, appellee Puckett having been made a party defendant filed his answer, made a counter-claim and cross-petition, in which he denied the validity of the sale and sheriff's deed to appellant, and alleged that he had a lien on the land for payment of a note for $489.15, executed to him by Brewer, September 17, 1874, prior to the judgment in favor of appellant, to satisfy which the land had been levied on and sold. He prayed for judgment setting aside and cancelling the deed to appellant, and for enforcement of his own alleged lien on the land to pay the note mentioned. And upon final hearing judgment was rendered setting aside the sale under execution, cancelling deed of the sheriff to appellant, and for sale of the land, or enough of it to first satisfy the debt of Puckett; and of the residue, if any, to *repay* to appellant $200 bid at the execution sale and interest.

It appears the land was purchased by Brewer from D. W. Hollar, who, February 13, 1874, executed a deed therefor, in which it is recited that the purchase price was $1,000, of which $500 was then paid, and for the balance a note was given payable March, 1874. But Brewer, not being able to meet the deferred payment unaided, bor-

rowed from Puckett $489.13, and executed to him the note referred to, which is as follows: "On or before the 17th day of May next, I promise to pay to M. W. Puckett four hundred and eighty-nine dollars and thirteen cents, as purchase money, furnished by M. W. Puckett, and to have the same effect as though the land had been bought from M. W. Puckett, it being the farm I now live on, this September 17, 1874. This note is to draw 10 per cent. interest from date until paid."

It further appears an action was some time thereafter instituted by the heirs of F. D. Roberts to recover of Brewer about fifty acres of the land, which was, however, compromised, the plaintiffs, by deed executed July 15, 1885, conveying their interest in the land to Brewer in consideration of his promisory note for sixty-two dollars, which, by successive assignments, became the property of Puckett. But as no judgment was rendered on that note, though prayed for by Puckett, nor any complaint is here made of the action of the lower court in reference to it, we need not consider it.

The evidence is such as, in our opinion, to authorize the conclusion appellant Trimble had before he obtained judgment on his note, actual notice of the existence of the note of Puckett, the consideration for it, and that he had or claimed a lien on the land to secure payment of it. It is true appellant testifies he had no notice, but Brewer, who has no interest in the issue between him and Puckett, testifies that Trimble, before his judgment was obtained, applied to him to give a mortgage on the land to secure payment of his note, which was refused, for the reason, then distinctly stated to him, that Puckett held the note given to him by Brewer for money advanced to

pay part of the purchase money, and had a lien on the land to secure its payment. There is also evidence tending to show that the attorney of Trimble was influenced to bid at the execution sale only two hundred dollars, not more than one-half of his debt, though the land was worth one thousand dollars, by reason of information that Puckett held a lien on it.

The simple question then is whether Puckett acquired, in virtue of the written agreement between himself and Brewer, a lien on the land that was subsisting and enforceable as to the latter; for if the written contract did have that effect, we do not see why it did not affect Trimble, having, as he did, actual notice. The language of the note shows a manifest intention of the parties to create the lien, and if it could be done at all by such contract, it was fully and effectually done.

It has been held by this court that a lien does not necessarily exist in favor of one who advances money to the vendee for payment of part of the purchase money; and furthermore, that one holding by assignment a note given for purchase money who takes in its stead a new note, does not retain the lien existing as to the first note. But it has never been held by this court that an enforceable contract may not be entered into between the vendee and one who advances money to pay the purchase price for a lien on the land to secure repayment of the money so advanced, even though such contract be not recorded. On the contrary, such a contract has been upheld by this court. In Bailey v. Welch, 4 B. M., 244, it was held that an eqitable lien, existing by written agreement with a surety for the payment of the consideration of land purchased, though not recorded, will not be overreached by an attach-

ing creditor who had notice of that equitable lien. And if the vendee may, by written agreement, create an equitable lien in favor of his surety who pays the purchase money note for land, that will prevail against a creditor with notice, why may not he in the same way create a like lien in favor of a person who advances the money to pay a part or all the purchase money ?

Section 24, article 1, chapter 63, General Statutes, provides that, " when any real estate shall be conveyed, and the consideration, or any part thereof, remains unpaid, the grantor shall not have a lien for the same against *bona fide* creditors and purchasers, unless it be stated in the deed what part of the consideration remains unpaid." But that section was not intended to inhibit or apply to a contract for an equitable lien, such as the one under consideration, and is quoted simply for the purpose of showing, as plainly indicated and construed by this court, a vendor may have an equitable lien on the land, good against creditors and purchasers having actual notice, although it be not stated in the deed what part of the purchase money remains unpaid. It seems to us that if a vendee of land may, by written agreement with a person who advances money to pay a part or all the purchase money, create an equitable lien on the land that he could not resist or defeat, it necessarily follows such lien should prevail against a creditor affected with notice before even reducing his debt to judgment.

The case of Reid v. Jackson, 6 Ky. L. R., 743, is unlike this, and has no application. There the contest was between the vendee and his sureties in a note given to a third person for money borrowed and used to pay for the land. The sureties having paid off that note, claimed a

lien on the land, not in virtue of a written contract between themselves and the vendee, but by way of substitution to the right of the obligee of the note who never had or claimed a lien on the land under contract or otherwise.

In our opinion the lien of appellee Puckett was prior and superior to the execution lien acquired by appellant, and consequently was not defeated or affected by the sheriff's sale and conveyance to the latter.

Judgment affirmed.